## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2016, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul R. Nichols,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2016

Court of Appeals Case No.
02A05-1511-CR-2082

Appeal from the
Allen Superior Court

The Honorable
Frances C. Gull

Trial Court Cause No.
02D04-1409-FC-215

**Kirsch, Judge.**

Paul R. Nichols ("Nichols") appeals his conviction, following a jury trial, for fraud on a financial institution,[1] a Class C felony, raising the following restated issue: whether the evidence was sufficient to support his conviction.

We affirm.

## Facts and Procedural History

The facts most favorable to the verdict are that Glaser & Ebbs law firm represented Nichols in a personal injury action in the fall of 2013. After the parties settled the claim, Glaser & Ebbs issued Nichols a check ("the Check) from the firm's trust account in the settlement amount of $2,894.05. Nichols personally picked up the Check from the firm's Fort Wayne law office on November 27, 2013 at 4:19 p.m. That same day, less than twenty minutes later, the Check was deposited into Nichols's JP Morgan Chase ("Chase") account at a branch in downtown Fort Wayne.

On December 5, 2013, Nichols appeared at the Waynedale branch of 1st Source Bank ("1st Source"), located in Allen County, and cashed the Check. Glaser & Ebbs subsequently contacted 1st Source to ask why the Check had been cashed twice. After confirming that the Check had, indeed, been presented twice for payment, 1st Source contacted the police and reimbursed Glaser & Ebbs for the

---

[1] *See* Ind. Code § 35-43-5-8. We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Nichols committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crimes.

second withdrawal from the law firm's account. The State charged Nichols with Class C felony fraud on a financial institution.

[5] Nichols's trial was held in September 2015, and the jury found him guilty as charged. The following month, the trial court sentenced Nichols to two years in the Department of Correction, but allowed that Nichols could serve his sentence on home detention if he was eligible. The trial court also ordered Nichols to pay restitution to 1st Source in the amount of $3,218.05. *Appellant's App*. at 59. Nichols now appeals. Additional facts will be added as needed.

## Discussion and Decision

[6] On appeal, Nichols claims that there was insufficient evidence to support his conviction for Class C felony fraud on a financial institution. Addressing a challenge to the sufficiency of the evidence to support a conviction, this court neither reweighs the evidence nor judges the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. *Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied.* Moreover, we consider only the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. *Id*. "We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. That is, "[r]eversal is only appropriate when reasonable persons would be unable to form inferences as to each

material element of the offense." *Mateo v. State*, 981 N.E.2d 59, 71 (Ind. Ct. App. 2012), *trans. denied*.

[7] Indiana Code section 35-43-5-8 provides in pertinent part:

> A person who knowingly executes, or attempts to execute, a scheme or artifice: (1) to defraud a state or federally chartered or federally insured financial institution; or (2) to obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises; commits a Class C felony.

To convict Nichols of fraud on a financial institution, the State had to prove that he did knowingly execute or attempt to execute, a scheme or artifice to defraud 1st Source Bank, a state or federally chartered, or federally insured, financial institution. *Appellant's App.* at 10.

[8] Nichols alleges that insufficient evidence was introduced at trial to show that he was the person who deposited the check into his Chase checking account on November 27, 2013. Accordingly, he argues that he could not have knowingly attempted to defraud 1st Source when he cashed the same check on December 5, 2013.

[9] Nichols concedes that the proceeds from the Check "were in fact deposited into his account at Chase Bank," and that it was, indeed, he who "cashed the [C]heck at [1st] Source Bank on December 5, 2013. *Appellant's Br*. at 9-10. Even so, he maintains that "it is too tenuous an inference that he was the one who

made the Chase Bank deposit on November 27, 2013." *Id*. at 9-10. Nichols asserts that, because there was no evidence that he was the one who initially deposited the Check into the Chase account and spent the proceeds from the deposited Check, there was insufficient evidence that he committed fraud on a financial institution when he cashed the Check at 1st Source. We disagree.

[10] We begin by noting that Nichols's claim that there was insufficient evidence that he spent the money was irrelevant to his conviction. Here, the State did not have to prove who spent the money or even that the money was spent. Nichols's conviction for defrauding a financial institution required proof that he knowingly executed or attempted to execute a scheme or artifice to defraud 1st Source Bank. *See* Ind. Code § 35-43-5-8. Stated differently, the State only had to prove that Nichols presented the Check to 1st Source for payment knowing that the Check had previously been presented for payment.

[11] During trial, a paralegal, employed by Glaser & Ebbs, testified that Nichols personally picked up the Check from the law firm's Fort Wayne office on November 27, 2013 at 4:19 p.m. *Tr*. at 92. A Chase branch manager, Michael Loveless ("Loveless"), testified that he was working at Chase's downtown branch on November 27, 2013. Recognizing his own handwriting on the November 27 deposit slip, Loveless testified that he had handled the pertinent transaction. *Id*. at 99. Loveless testified that it was his general practice to scan a check, deposit the proceeds into the customer's account, and then place the negotiated check into the bin next to the teller window. *Id*. at 101. Loveless admitted, however, that, while unlikely, it was possible that he could have

handed the Check back to Nichols or Nichols could have reached into the bin and retrieved the Check. *Id*. at 104-05. Answering a question from a juror, Loveless acknowledged that he would not have asked Nichols for identification because "[a]nybody can make a deposit to anybody's account." *Id.* at 115-16.

[12] Fort Wayne Police Detective James Wenglikowski ("Detective Wenglikowski"), who was part of the Financial Crimes Division, admitted that a taped recording of the transaction no longer existed. *Id*. at 157-58. He testified that, as part of the investigation and by means of a subpoena, he obtained Nichols's Chase checking account records. Those records revealed that the Check was deposited into Nichols's Chase account on November 27, 2013 at 4:28 p.m. *Id*. at 170. Because the Check was deposited less than twenty minutes after Nichols picked it up from the law firm, the jury could have reasonably inferred that Nichols was the individual who deposited the check into his Chase account. This inference was also supported by the fact that the Check was still in Nichols's possession about a week later when he cashed the Check at 1st Source. *Id*. at 123-24.

[13] Focusing on Loveless's inability to identify him as the Chase customer and on the absence of a video recording of the transaction, Nichols claims that there was insufficient evidence to support his conviction. We disagree. The evidence to which Nichols points was offered at trial, but discounted by the jury in reaching its guilty verdict. Based on the evidence presented at trial, the jury could have concluded that Nichols picked up the Check from the law firm and immediately went to Chase to deposit it. Nichols's argument to the contrary is

essentially an invitation to reweigh the evidence, which we will not do. *Robey v. State*, 7 N.E.3d 371, 378-79 (Ind. Ct. App. 2014), *trans. denied*. We therefore conclude that sufficient evidence was presented at trial to support Nichols's conviction for Class C felony fraud on a financial institution.

[14]    Affirmed.

[15]    Riley, J., and Pyle, J., concur.